**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**ROCKFORD DIVISION**

| | | |
|---|---|---|
| In re: HAGEN, RONALD D. | § | Case No. 10-74410 |
| HAGEN, TERRIL L. | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 31, 2010. The undersigned trustee was appointed on October 15, 2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of     $     18,678.99

    Funds were disbursed in the following amounts:

    | | |
    |---|---:|
    | Payments made under an interim distribution | 0.00 |
    | Administrative expenses | 0.00 |
    | Bank service fees | 0.00 |
    | Other payments to creditors | 0.00 |
    | Non-estate funds paid to 3rd Parties | 0.00 |
    | Exemptions paid to the debtor | 0.00 |
    | Other payments to the debtor | 0.00 |
    | Leaving a balance on hand of[1]     $ | 18,678.99 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 01/19/2012 and the deadline for filing governmental claims was 02/27/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,617.90. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,617.90, for a total compensation of $2,617.90.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 3/26-2012     By: /s/MEGAN G. HEEG
                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 10-74410  
**Case Name:** HAGEN, RONALD D.  
HAGEN, TERRIL L.  
**Period Ending:** 03/22/12

**Trustee:** (330490) MEGAN G. HEEG  
**Filed (f) or Converted (c):** 08/31/10 (f)  
**§341(a) Meeting Date:** 10/15/10  
**Claims Bar Date:** 01/19/12

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 851 Brandt Drive, Lake in the Hills, IL 60156 Pr<br>Orig. Asset Memo: Orig. Description: 851 Brandt Drive, Lake in the Hills, IL 60156 Principal residence; Imported from original petition Doc# 1 | 220,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | Cash on hand.<br>Orig. Asset Memo: Orig. Description: Wallet cash.; Imported from original petition Doc# 1 | 10.00 | 0.00 | DA | 0.00 | FA |
| 3 | Checking, savings or other financial accounts, c<br>Orig. Asset Memo: Orig. Description: Savings account.; Imported from original petition Doc# 1 | 1.38 | 0.00 | DA | 0.00 | FA |
| 4 | Checking, savings or other financial accounts, c<br>Orig. Asset Memo: Orig. Description: 2 checking accounts.; Imported from original petition Doc# 1 | 100.00 | 0.00 | DA | 0.00 | FA |
| 5 | Checking, savings or other financial accounts, c<br>Orig. Asset Memo: Orig. Description: Scott Trade; Imported from original petition Doc# 1 | 10.00 | 0.00 | DA | 0.00 | FA |
| 6 | Checking, savings or other financial accounts, c<br>Orig. Asset Memo: Orig. Description: 1 business checking account (Snacks R Us).; Imported from original petition Doc# 1 | 5.00 | 0.00 | DA | 0.00 | FA |
| 7 | Household goods and furnishings, including audio<br>Orig. Asset Memo: Orig. Description: Ordinary furnature, 4 year old 50" Samsung Plasma TV, 14 year old Hitachi projection TV, 10 year old small stereo, 2 vintage 2004 desktop computers, 2002 laptop (inop), tools including some power tools, 10 year old riding mower, and miscellaneous personal and household items.; Imported from original petition Doc# 1 | 1,500.00 | 0.00 | DA | 0.00 | FA |
| 8 | Wearing apparel.<br>Orig. Asset Memo: Orig. Description: Necessary apparel.; Imported from original petition Doc# 1 | 100.00 | 0.00 | DA | 0.00 | FA |
| 9 | Furs and jewelry.<br>Orig. Asset Memo: Orig. Description: Wedding ring.; Imported from original petition Doc# 1 | 250.00 | 0.00 | DA | 0.00 | FA |
| 10 | Firearms and sports, photographic and other hobb | 100.00 | 0.00 | DA | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 10-74410
Case Name: HAGEN, RONALD D.
HAGEN, TERRIL L.
Period Ending: 03/22/12

Trustee: (330490)   MEGAN G. HEEG
Filed (f) or Converted (c): 08/31/10 (f)
§341(a) Meeting Date: 10/15/10
Claims Bar Date: 01/19/12

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Orig. Asset Memo: Orig. Description: Fishing gear.; Imported from original petition Doc# 1 | | | | | |
| 11 | Firearms and sports, photographic and other hobb<br>Orig. Asset Memo: Orig. Description: Miscellaneous HO train track and cars given to Debtor husband by grandfather. Unknown value, however, had train collect appraise and the collector didn't even make an offer.; Imported from original petition Doc# 1 | 25.00 | 0.00 | DA | 0.00 | FA |
| 12 | Firearms and sports, photographic and other hobb<br>Orig. Asset Memo: Orig. Description: Pool table.; Imported from original petition Doc# 1 | 500.00 | 0.00 | DA | 0.00 | FA |
| 13 | Interests in IRA, ERISA, Keogh, or other pension<br>Orig. Asset Memo: Orig. Description: 401(K) (husband); Imported from original petition Doc# 1 | 76,000.00 | 0.00 | DA | 0.00 | FA |
| 14 | Stock and interests in incorporated and unincorp<br>Orig. Asset Memo: Orig. Description: Snacks R Us. This is Debtors' unincorporated d/b/a that attempted to sell snacks from vending machines (5) that Debtors were induced to purchase at high cost, but that Debtors have not been able to liquidate. Three of the five machines are currently revenue producing, but as can be seen from Debtors' Schedule C, this business currently produces only tax losses. The resideal (minimal) value of the machines is set forth elsewhere in this petition as "tools of the trade" as this business has no legal status and the machines are technically the property of the Debtors.; Imported from original petition Doc# 1 | 0.00 | 0.00 | DA | 0.00 | FA |
| 15 | Contingent or noncontingent interests in estate | 14,927.00 | 18,678.99 | | 18,678.99 | FA |
| 16 | Automobiles, trucks, trailers and other vehicles<br>Orig. Asset Memo: Orig. Description: 2001 Toyota Highlander; Imported from original petition Doc# 1 | 7,400.00 | 0.00 | DA | 0.00 | FA |
| 17 | Automobiles, trucks, trailers and other vehicles<br>Orig. Asset Memo: Orig. Description: 2006 Scion (this is Debtors' son's car, but Debtor is on title and loan); Imported from original petition Doc# 1 | 9,000.00 | 0.00 | DA | 0.00 | FA |

Exhibit A

# Form 1

Page: 3

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 10-74410  
**Case Name:** HAGEN, RONALD D.  
　　　　　　　HAGEN, TERRIL L.  
**Period Ending:** 03/22/12

**Trustee:** (330490)　MEGAN G. HEEG  
**Filed (f) or Converted (c):** 08/31/10 (f)  
**§341(a) Meeting Date:** 10/15/10  
**Claims Bar Date:** 01/19/12

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 18 | Machinery, fixtures, equipment and supplies used Orig. Asset Memo: Orig. Description: Five vending machines.; Imported from original petition Doc# 1 | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 18 | Assets　Totals (Excluding unknown values) | $330,928.38 | $18,678.99 | | $18,678.99 | $0.00 |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**　December 15, 2011　　　**Current Projected Date Of Final Report (TFR):**　March 22, 2012 (Actual)

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 10-74410 | | Trustee: | MEGAN G. HEEG (330490) |
|---|---|---|---|---|
| Case Name: | HAGEN, RONALD D. | | Bank Name: | The Bank of New York Mellon |
| | HAGEN, TERRIL L. | | Account: | 9200-******21-65 - Checking Account |
| Taxpayer ID #: | **-***5107 | | Blanket Bond: | $1,500,000.00 (per case limit) |
| Period Ending: | 03/22/12 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 03/02/12 | {15} | Estate of Alcus Hughes | probate distribution | 1129-000 | 18,678.99 | | 18,678.99 |
| | | | ACCOUNT TOTALS | | 18,678.99 | 0.00 | $18,678.99 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 18,678.99 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $18,678.99 | $0.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-******21-65 | 18,678.99 | 0.00 | 18,678.99 |
| | $18,678.99 | $0.00 | $18,678.99 |

{} Asset reference(s)                                                      Printed: 03/22/2012 02:14 PM    V.12.57

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-74410
Case Name: HAGEN, RONALD D.
Trustee Name: MEGAN G. HEEG

**Balance on hand:** $ 18,678.99

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 18,678.99

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - MEGAN G. HEEG | 2,617.90 | 0.00 | 2,617.90 |
| Attorney for Trustee, Fees - Ehrmann Gehlbach Badger & Lee | 1,023.75 | 0.00 | 1,023.75 |
| Attorney for Trustee, Expenses - Ehrmann Gehlbach Badger & Lee | 21.00 | 0.00 | 21.00 |

Total to be paid for chapter 7 administration expenses: $ 3,662.65
Remaining balance: $ 15,016.34

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 15,016.34

UST Form 101-7-TFR (05/1/2011)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 15,016.34

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 86,885.63 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American InfoSource LP as agent for | 2,962.70 | 0.00 | 512.05 |
| 2 | FIA CARD SERVICES, N.A. | 6,414.52 | 0.00 | 1,108.61 |
| 3 | FIA CARD SERVICES, N.A. | 11,643.04 | 0.00 | 2,012.25 |
| 4 | American InfoSource LP as agent for | 10,647.11 | 0.00 | 1,840.13 |
| 5 | Chase Bank USA NA | 15,462.37 | 0.00 | 2,672.34 |
| 6 | Chase Bank USA NA | 1,138.41 | 0.00 | 196.75 |
| 7 | Capital One, N.A. | 1,010.44 | 0.00 | 174.63 |
| 8 | Josephine Hagen | 35,000.00 | 0.00 | 6,049.01 |
| 9 | Sallie Mae | 2,607.04 | 0.00 | 450.57 |

Total to be paid for timely general unsecured claims: $ 15,016.34
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**